FILED'08 FEB 08 14:29 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LARRY LACEY, | ) |
| | ) No. CV 06-3066-PA |
| Plaintiff, | ) |
| | ) **OPINION AND ORDER** |
| v. | ) |
| | ) |
| ULYS J. STAPLETON; ARCHIE LIDEY; | ) |
| SCOTT WILLIAMS; KEVIN BLAICH; | ) |
| JIM HAMILTON; JIM HUBER; CHAD | ) |
| WILTROUT; SANDY ROSS; GEORGE | ) |
| SLOCUM; CITY OF GRANTS PASS, a | ) |
| municipal Corporation, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PANNER, District Judge:**

Plaintiff Larry Lacey brings this 42 U.S.C. § 1983 action against the City of Grants Pass, and an assortment of city employees. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question). The claim in this case is stated as follows:

> The aforementioned conduct of Defendants was a violation of Plaintiff's right of equal treatment under the Amendment IV Section 1 of the United States Constitution in that the Defendants and city officials had developed a deep seated animosity toward Plaintiff and the aforementioned acts were and are part of a campaign of vengeance waged against Plaintiff by Defendant for exercising his constitutional right of Free Speech as guaranteed by the First Amendment of the United States Constitution and his right against self

1 - OPINION AND ORDER

incrimination and violation of his rights against unreasonable searches and seizures as guaranteed by the Fifth Amendment to the United States Constitution in that Plaintiff was deliberately and intentionally not given equal treatment of that provided to similar residents, inhabitants, property owners and businesses.

Defendants move for summary judgment. The motion is granted.

## Legal Standard

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence, and any reasonable inferences that may be drawn from it, must be viewed in the light most favorable to the non-moving party. Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1257 (9th Cir. 2001).

## Discussion

The parties are familiar with the facts, so I will not repeat them here.

### Fifth Amendment

Despite the conclusory citation to the Fifth Amendment in the Complaint, no facts have been alleged--either in the Complaint or in the record--that implicate this Amendment.

### Fourth Amendment

Lacey concedes the entry and search of his building was pursuant to an administrative search warrant issued by a Josephine County Circuit Court judge. There appears to have been a sufficient basis for issuing the warrant, based on reports

2 - OPINION AND ORDER

regarding construction work, undertaken without valid permits and in violation of a stop work order, that the City feared might threaten the stability of the structure. Although engineers later determined the structure was safe, at the time the City had reason for concern.

**Constitutionality of Grants Pass Ordinance Regulating "Adult" Entertainment**

The Complaint did not challenge the constitutionality of the City's ordinance regulating adult entertainment. I decline to consider this argument, which was raised for the first time in the memorandum opposing summary judgment.

**Exclusion from Parade**

Lacey's dispute regarding the parade is really with the parade sponsor--which decided his float was unsuitable for their parade--and not with the City of Grants Pass or City employees. See Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, 515 U.S. 557 (1995). Lacey's deposition testimony also indicates that the Grants Pass police did not require Lacey to follow behind the garbage truck. Rather, that was Lacey's choice, after the sponsor excluded him from the actual parade.

**Discriminatory Treatment**

Lacey appears to be proceeding on the "class of one" theory articulated in Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam), by which a "plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id. at 564. The difference in treatment was alleged to have been "irrational and wholly arbitrary." Id. at

3 - OPINION AND ORDER

565. The question in <u>Village of Willowbrook</u> was whether the allegations of the Complaint, if proven to be true, stated a cognizable claim. We are past that stage here. In opposing the summary judgment motion, Lacey bears the burden of actually producing evidence that would permit a jury to find in his favor.

The record does not show that the City attempted to exclude Lacey's proposed business entirely.[1] City officials met with Lacey and pointed out locations in Grants Pass where Lacey could lawfully operate a strip club. Lacey spurned those suggestions, and insisted on locating in the Grants Pass historic district.

Lacey knew the property was within the historic district at the time he bought it, yet did not conduct any research beforehand to ascertain what restrictions applied to the property, and whether his proposed use was permitted. Lacey concedes he is not aware of any other strip club that the City allows to operate in the historic district.

Lacey complains he was cited for certain violations. The Josephine County Circuit Court acquitted Lacey on some citations, and found him guilty on others. The prosecutor also declined to prosecute some citations, after City officials considered Lacey's explanation. Lacey had adequate recourse in the state court to contest the citations. This court does not sit as a court of appeals, reviewing the decisions of the state court. <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284

---

[1] For purposes of this opinion, I assume that Lacey, individually, owned the property and the business, and has standing to assert the claims advanced in this action. Neither side has discussed this question.

(2005) (applying Rooker-Feldman doctrine). Moreover, with regard to the citations on which Lacey was found guilty, those citations were not "irrational and wholly arbitrary." Nor does the record contain competent evidence that the City ordinarily never enforces its building codes and other ordinances, but made a special exception for Lacey.

The City cited Lacey for violating a stop work order. Lacey concedes he conducted extensive remodeling while that order was in effect, removing walls, doors, and windows. It is difficult to see what basis Lacey has for disputing that citation, let alone for making a federal case out of it.

City officials did not prohibit Lacey from remodeling his building. Rather, they required Lacey to furnish the City with professionally prepared plans, instead of the homemade variety. The City also insisted that certain work be performed by a licensed contractor, which Lacey apparently is not. This appears reasonable, given the nature of the work Lacey was proposing to undertake. Lacey has not shown he was treated differently than other property owners in the same circumstance.

Lacey testified at deposition that "I'm of the school that believes that if I own the property I should be able to do work on it myself, yes." Lacey also admitted he performs renovation "work without permits" "[w]hen I feel it is necessary, yes." Lacey may disagree with the law, but--like everyone else--he must comply with it. There are proper procedures for challenging a law or seeking its repeal, and procedures for disputing the City's interpretation of an ordinance. By ignoring the law and stubbornly plowing ahead, Lacey invited the events that ensued.

5 - OPINION AND ORDER

The City received an engineer's report that questioned the structural safety of the building, after Lacey removed a number of internal walls. The City ordered an emergency closure of the building. Lacey appealed that decision. He also obtained reports from other engineers who concluded the building did not pose an imminent danger, though they recommended certain measures to make the building safer. The City then rescinded the closure order, but only after Lacey incurred the expense of hiring three engineers, and had lost rents during the time the building was closed.

With the benefit of hindsight, it is easy to argue that the City erred by closing the building. However, running a City is not easy. Decisions must be made, often balancing public safety, individual rights, and the financial costs to everyone involved. If the City had not acted, and someone had been killed or injured, the City might well be facing a different lawsuit. Lacey also acknowledges that the engineer who recommended the emergency closure also suggested ways the building could be made safe (in that engineer's view). Even assuming Defendants made a bad decision, Lacey has not produced evidence from which a jury could conclude that the closure order lacked any rational basis.

Viewing the evidence in the light most favorable to Lacey, a jury could find that City officials disliked Lacey, disapproved of his plans to operate a strip club, and perhaps paid a little closer attention to his activities than they did to some other businesses, albeit not entirely without justification. More than that is necessary to prove an equal protection violation.

**Defendants' Motion to Strike**

Both sides have submitted declarations rife with speculation and conclusions, instead of being confined to facts within the personal knowledge of the affiant. Plaintiff also submitted declarations lacking paragraph numbers, and then cited to the declaration generally, leaving it up to the court to identify what portion of the declaration allegedly supported the point that Plaintiff was attempting to make. The court won't waste further time by striking individual sentences from declarations.

## Conclusion

Defendants' Motion (# 22) for Summary Judgment is granted. Defendants' Motion (# 50) to Strike is moot.

IT IS SO ORDERED.

DATED this _____ day of February, 2008.

_____
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE